Moss, Judge,
delivered the opinion of the court:
On May 17, 1921, the Hoopes & Townsend Company entered into a contract with the United States for the manufacture and delivery of 186,000 pounds of rivets, for which it was to receive $25,110. This contract was canceled by the Government on April 4, 1923.
While the contract was in course of performance Congress, on July 1, 1922, enacted a law providing for the scrapping of a number of vessels then under construction, and authorized the President to cancel or modify contracts for materials intended for use in the construction of such vessels. 42 Stat. 814. The contract under consideration was for rivets designed for use in the construction of certain of the vessels which were to be scrapped. In anticipation of the passage of the act of July, 1922, the defendant on July 20, 1921, directed that further deliveries under the contract be postponed for the period of one year, and on November 3, 1921, a supplemental agreement was entered into, by which the parties agreed to such postponement on terms therein provided. The contract continued suspended for a period of eight months beyond the year. On April 4,1923, it was canceled. All matters between the company and the Government arising from the suspension of the contract, between the date of such suspension and the date of cancellation, were settled. On a claim presented by the company for loss and damages due to the cancellation of the contract the Navy Department, on August 6, 1923, made an award of $4,350.34. Declining to accept the award the company was paid 75 per cent of same, or $3,262.76. No complaint as to the award is made by plaintiffs, except for the failure of the Navy Department to allow for loss of profits, which it is alleged would have amounted to $9,602.63. This action is for the recovery of that sum, and also for the balance on the award, $1,087.58.
*146 The contract was canceled by the Government under the authority of the act of July 1, 1922, 42 Stat. 814, which contains the provision “ That whenever any such contract is canceled or modified, settlement of claims arising therefrom shall be made by the President upon a fair and equitable basis as he may determine, out of any funds hereafter to be appropriated for that purpose.”
Defendant cited in its brief the case of Russell Motor Car Co. v. United States, 261 U. S. 514, and advanced the argument that inasmuch as the contract in this case was made while the act of June 15, 1917, 40 Stat. 182, was in force, the ruling in that case to the effect that the parties entered into the contract with the prospect of its cancellation, and that the possible loss of profits must have been within the contemplation of the parties, is applicable in the instant case. But the act of June 15, 1917, was not in force at the time the contract was made. It was repealed by the act of June 5, 1920, nearly a year before the contract in this case was entered into. The repeal was subject to certain limitations set forth in the repealing statute, but those limitations do not relate to the point on which defendant depends. The principle announced in the Russell Motor Car case is not applicable here.
The authority of the President under the act of July 1, 1922, to cancel the contract is conceded. It is, however, the contention of plaintiffs that “ The act did not and could not fix a basis¡ for compensation, in conflict with settled rules of law, of the damages entailed by the cancellation of contracts made prior to the passage of the act.” Plaintiffs are correct in this contention. When the Government exercised its authority under the act of 1922 and canceled plaintiffs’ contract, it incurred the liabilities attaching by law for such an act. Plaintiffs’ rights under the contract may not be abridged by an attempt of Congress to determine what shall be the rule of compensation in the event of a cancellation of same. Monongahela Navigation Co. v. United States, 148 U. S. 312. It is a well established principle, which needs no discussion, that loss of profits constitutes a proper element of damage in the breach or cancellation of a contract. United States v. Behan, 110 U. S. 338.
*147 The evidence shows without contradiction that by the cancellation of the contract in advance of completion the contractor was deprived of a profit of 6j4 cents per pound on 154,180 pounds of undelivered rivets, or $9,636.25. The amount sued for is $9,602.63, and plaintiffs are entitled to-recover same, together with the sum of $1,087.58, balance on the award. It is so adjudged and ordered.
The judgment in this case disposes of Hoopes & Townsend v. United States, F-30.
GreeN, Judge; GRAHAM, Judge; and Booth, Ghief Justice, concur.